## Investment Company Act of 1933
## Not Repealed by Pennsylvania
## Securities Act of 1972

PACKEL, Attorney General, January 28, 1974.— You have requested our opinion with regard to whether the Pennsylvania Securities Act of December 5, 1972, P. L. 924, No. 284, effective January 1, 1973, 70 PS §§1-101 et seq., impliedly repealed the Investment Company Act of May 15, 1933, P. L. 788, sec. 1, as amended, 7 PS §§6051, et seq. We are of the opinion that the Investment Company Act was not impliedly repealed by the Pennsylvania Securities Act of December 5, 1972.

The Investment Company Act was designed to eliminate certain abuses in the securities industry, abuses that may have contributed to the 1929 financial crash and the depression of the 1930's. Like the Federal legis-

lation in this area, the Investment Company Act was meant to provide another step toward a return to the understanding that those who manage other people's money are fiduciaries acting for others. A reading of the substantive parts of the act, coupled with the attendant circumstances under which the act was passed, reveals that the legislature intended to provide a comprehensive regulatory scheme to correct and prevent certain abusive practices in the management of investment companies for the protection of persons who contribute money to be invested by such companies on their behalf. The particular form of investment company treated appears to be the "face-amount certificate" company, ancestor of today's mutual funds.

The regulatory scheme devised by the legislature in the Investment Company Act requires that these investment companies operating within the Commonwealth be licensed with the Pennsylvania Securities Commission: Section 2 of the Act of May 15, 1933, 7 PS §6052. The Securities Commission is required to investigate each application for licensure, screening the applicant for financial stability. Additionally, the licensee must post a bond of $100,000 in the form of obligations of the United States, the Commonwealth or any of its political subdivisions to assure that its obligations can be met: Section 3, 7 PS §6053. The Securities Commission can require additional security, if, in its discretion, such is required: Section 7, 7 PS §6057. Moreover, the act requires that the licensee submit annual reports detailing its financial status (section 6, 7 PS §6056); and the licensee must make available its business records for the scrutiny of the Commission: section 8, 7 PS §6058. In the event that a licensee decides to discontinue doing business in the Commonwealth, the act mandates that the licensee petition the Commonwealth Court for dissolution, at

which time it must include its assets and liabilities and a complete list of holders of its contracts and obligations. Finally, penal sanctions are provided for each violation of the act.

It is apparent, therefore, that the regulatory scheme of the Investment Company Act is aimed at securing the investment of the contributor by assuring that the investment company will be in a position to fulfill its contracts and obligations at the maturity date of its contributor's certificate. The question that faces us, however, is whether this regulatory scheme has been preempted by the Pennsylvania Securities Act of 1972.

Section 1971 of the Statutory Construction Act of December 6, 1972, P. L. 967 (No. 290), 1 Pa. S. §1971, provides, in pertinent part:

"§1971. Implied repeal by later statute.

. . .

"(b) Whenever a general statute purports to establish a uniform and mandatory system covering a class of subjects, such statute shall be construed to supply and therefore to repeal pre-existing local or special statutes on the same class of subjects."

"(c) In all other cases, a later statute shall not be construed to supply or repeal an earlier statute unless the two statutes are irreconcilable."

Hence, if the class of subjects regulated by the Pennsylvania Securities Act of December 5, 1972 includes investment companies, then the Investment Company Act is implicitly repealed according to section 1971(b) of the Statutory Construction Act. If the Securities Act does not include investment companies, a determination must be made as to whether the two statutes are irreconcilable, thereby causing a repeal of the earlier statute pursuant to section 1971(c) of the act.

The Pennsylvania Securities Act of 1972 was designed to prohibit fraudulent practices in the securities

industry by requiring, among other things, the registration of all broker dealers, agents, investment advisers and securities. The act does not purport to regulate investment companies except to the extent that the securities issued by investment companies are necessarily included in the requirement that all securities be registered: Section 201 of the Pennsylvania Securities Act, 70 PS §1-201.

The regulatory scheme adopted by the Pennsylvania Securities Act is directed at prohibiting fraudulent disclosures at the time of issuance of securities. On the other hand, the Investment Company Act is directed at assuring the financial stability of its regulated companies *during* the time that investment contributions are held and at the time of *maturity* of the investment certificates in *addition* to the time of issuance. Hence, though the Pennsylvania Securities Act of 1972 purports to be uniform with regard to securities, it makes uniform only the law with respect to disclosure made *at the time of issuance* of securities. It, therefore, does not repeal the Investment Company Act under section 1971(b).

The investment Company Act regulates those business associations which accept contributions or payments as consideration for the performance of a contract or other obligation to repay said contributions at some fixed maturity date. Simply stated, the associations regulated sell face-amount securities to their customers. The securities are for a fixed amount of money to be paid at some future maturity date at a stated rate of interest. The investment company will then invest the money that it has received in other securities to make its profit and to discharge the obligations incurred by the sale of the face-amount securities in the first instance. At the point of issuance

of the face-amount securities, the Pennsylvania Securities Act operates to foreclose the possibility of fraudulent or misleading disclosures. However, after issuance is authorized by the Securities Commission, under the Securities Act, there is no further regulation of the investment company designed solely to assure that the company's obligations will be honored on their maturity date. The Investment Company Act fills this void by requiring licensure of the company, a substantial bond upon licensure, financial reporting requirements during the life of the company and court supervision upon the discontinuance of the company. The Securities Act does not require that an investment company register itself, only that the investment company register its securities. Hence, it is apparent that while the Securities Act serves to regulate securities, the Investment Company Act serves the function of policing the solvency of face-amount investment companies to insure that these investment companies will not fail without satisfying their contributors.

It has been suggested that an investment company within the contemplation of the Investment Company Act may be an "investment adviser" under the Securities Act of 1972, 70 PS §1-102(j). The Securities Act defines an "investment adviser" as,

"any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing or selling securities, or who, for compensation and as a part of a regular business, issues or promulgates analyses or reports concerning securities": 70 PS §1-102(j).

As noted above, an investment company within the

contemplation of the Investment Company Act does not advise persons with regard to the purchase and selling of securities. On the contrary, it takes contributions from investors for the purpose of investing same without any obligation of informing its contributors with regard to what investments will be made. Hence, an "investment adviser" cannot be construed to include an investment company.

Accordingly, the two acts are not irreconcilable and the Investment Company Act was not impliedly repealed by the Securities Act under section 1971(c) of the Statutory Construction Act.

Moreover, the fact that an issuer of face-amount securities is subject to the regulatory schemes of two different acts will not alone render the two acts irreconcilable under section 1971(c) of the Statutory Construction Act. On two previous occasions we have sustained the validity of regulatory schemes involving two different statutes. See Opinion of the Attorney General No. 49 (1972) and Opinion of the Attorney General No. 99 (1972). Additionally, there exists on the national level a similar dual regulatory scheme with regard to investment companies and securities. See Investment Company Act of August 22, 1940, c. 686, Title I, sec. 29(b), 54 Stat. 835, 11 U.S.C. §§72, 107; 15 U.S.C. §§80a-1, et seq., and the Securities and Exchange Act, 15 U.S.C. §§77b, et seq. These two acts have coexisted in recognition of the necessity to regulate these two separate and distinct aspects of investment companies' activities, the issuance of securities and the preservation of the funds of their investors.

For the foregoing reasons, we are of the opinion, and you are hereby advised, that the Pennsylvania Securities Act of 1972 did not impliedly repeal the Investment Company Act of 1933.